FLORIDA CONSTRUCTION & REALTY COMPANY, A CORPORA-TION, FLORIDA RAILWAY, A CORPORATION, AND FRANK DREW, AS RECEIVER OF FLORIDA RAILWAY COMPANY, *Appellants*, v. P. E. POURNELL, G. K. LOWRY, W. L. LOW-RY, WILLIAM KIRBY, AND J. J. KICKLIGHTER, *Appellees*.

Opinion Filed October 31, 1918.

Where judgment creditors procure the appointment of a receiver to operate an insolvent railroad for their protection and benefit a Court of quity may on a proper showing give

to the wages of engineers and others engaged in operating the railroad during the receivership or a short time thereto fore, priority in payment over the judgment creditors from the corpus of the railroad property.

Appeal from Circuit Court for Duval County; D. A. Simmons, Judge.

Affirmed.

*John T. G. Crawford* and *R. E. Stillman,* for Appellants;

*J. F. Harrell* and *C. D. Blackwell,* for Appellees.

WHITFIELD, J.—The "Florida Construction & Realty Company and Florida Railway, both corporations organized and existing under the laws of the State of Florida," brought a bill in equity "against Florida Railway Company, also a corporation organized and existing under the laws of the State of Forida," in which it is in effect alleged that the "defendant was and still is a public service corporations duly organized and existing under the laws of the State of Florida, and carrying on, conducting and operating a line of railroad;" that on June 13, 1913, the "Florida Construction & Realty Company obtained a final judgment against said defendant in the Circuit Court of Duval County, Florida, which, together with interest up to that time, and costs, would and does amount to the sum of one hundred and fifty-one thousand four hundred and fifty-one dollars and nineteen cents ($151,451.19); that said judgment was and is duly recorded in the public records of said Duval County, Florida;" that on the same day "one Frank Drew obtained a final judgment

against said defendant, Florida Railway Company, in
the Circuit Court of Duval County,. Florida, which, to-
gether with interest up to that time, and costs, would
and does amount to the sum of one hundred and thirty-
six thousand, two hundred and thirty-five dollars and
eighty-eight cents ($136,235.88) ; that said judgment was
and is duly recorded in the public records of said Duval
County, Florida ;" that on July 12, 1915, "said Frank Drew
did for value transfer and assign said judgment and each
and every his rights, claims, interests and demands there-
under to your orator, Florida Railway, a corporation as
aforesaid; that by reason of said assignment, said com-
plainant, Florida Railway, became and is the owner of
said judgment and all the rights, interests, claims and
demands thereunder ;" that on November 11, 1913, "writs
of execution were issued out of the Circuit Court of Du-
val County, Florida, upon both of said judgments; that
said executions are now in the hands of the Sheriff of
said Duval County, Florida, and have not been satisfied
either in whole or in part; that said judgments, and each
of them, have been duly recorded in the public records
of said counties of Taylor, Lafayette, Suwannee, Ham-
ilton, Columbia, Baker, Duval and Nassau; that said
judgments are liens on the aforesaid property of said
deefndant, and are prior in time and dignity to any
other valid lien or encumbrance thereon, except as here-
inafter set forth; that said defendant, Florida Railway
Company, although possessed of the aforesaid property,
is insolvent in that it is unable, in the due course of its
business, to meet its debts and obligations, as they ma-
ture; that said defendant owes to the State of Florida
a large amount of money for taxes claimed by the State
of Florida to be past due and unpaid; that said taxes,
estimated by the State of Florida, amount to a sum up-

wards of twelve thousand ($12,000.00) dollars; that the duly constituted authorities of the State of Florida are thereatening to sequester the property of said defendant for the payment of said amount, or so much thereof as may be legally and lawfully assessed against said defendant; that the only remedy at law afforded to your orators by the laws of the State of Florida is the sale of said property separately and severally each of the aforesaid counties in which said property, or any part thereof, is situated; that said remedy is totally inadequate to protect the rights and interests of your orators, in that said property is not susceptible of division; that sales of said property by piece meal would greatly, if not completely, destroy its value, to the great prejudice of your orators; that such sale is, in the case of railroad companies, prohibited by law; that said property of said defendant being indivisible, and no provision having been made by the laws of the State of Florida for the sale of said property as an entirety to satisfy your orators lien that said judgments cannot therefore be satisfied for want of property of said defendant sbject to levy and sale, and that a court of equity is the only forum authorized to afford to your orators the relief to which they are entitled; that the defendants does not own or possess any other property out of . which the aforesaid judgments of your orators can be satisfied, other than such property as is necessarily used in the operation of said line of railroad already constructed and in course of construction." The prayer is "that a receiver be appointed to receive and take possession of all of the property of said defendant of whatever nature and·kind, and that said receiver be authorized to operate said lines of railroad and to do any and all other things with reference thereto, as he may be directed from

time to time by this court; and that your orators may have such other and further relief in the premises as equity may require and to the court shall seem meet."

A copy of the assignment of the Drew judgment was made an exhibit.

The defendant, by Frank Drew, its president, admitted the material allegations of the bill of complaint in an answer filed.

On July 13, 1915, the court ordered that "the foregoing cause having come on to be heard upon the bill of complaint and the answer of the defendant corporation, admitting the material allegations of said bill, and said defendant, by its solicitor, having consented to the granting of the prayers of said bill, it is

"ORDERED, ADJUDGED AND DECREED, that Frank Drew be and he is hereby appointed to be receiver of said defendant corporation to take charge of and operate the business and affairs of said corporation, under the direction of this court, and

"IT IS FURTHER ORDERED, that said receiver shall have full power to collect the outstanding debts, claims and property due and belonging to said defendant corporation, with power to prosecute and defend, in the name of the corporation or otherwise, all claims or suits; to appoint an agent or agents to assist him; and to do such other things as may be necessary in carrying on, conducting and operating the business of said defendant corporation, and

"IT IS FURTHER ORDERED, that said defendant corporation shall forthwith deliver over to said receiver all and every part of the property, both real and personal, estate, effects and business of said corporation, and all books, vouchers, accounts and all papers touch-

ing the busines of said corporation, or any part thereof, and

"IT IS FURTHER ORDERED, that said receiver hereby appointed, before entering upon his duties as such receiver, shall give a bond in the penal sum of Twenty-five Thousand Dollars conditioned for the faithful performance of his duties as such receiver, which said bond shall be approved by this court, and

"IT IS FURTHER ORDERED, that this order appointing the said receiver shall not be effective until after the filing and approval of said bond."

"Thereafter the said receiver gave bond as required by the foregoing order, and having become duly qualified, entered upon the discharge of his duties."

On December 31, 1915, the court made the following order:

"This cause coming on to be heard upon application of T. F. West, Attorney General of the State of Florida, and attorney for the intervener herein, and it appearing that an order was made in said cause on the 16th day of November last, whereby the receiver of said Railway Company, its property and assets, was directed and required to pay over to the said William V. Knott, as Comptroller of the State of Florida, within thirty days thereafter, the taxes due by the said Florida Railway Company to the State of Florida, that is to say, the sum of twelve thousand, nine hundred twenty-two and 35/100 dollars, or that upon the failure to make such payment at the time required, the said receiver should show cause to this court why the said taxes should not be paid, and it appearing further by affidavits filed herein that due notice was given to said receiver of said order and that said taxes have not been paid and the said receiver having filed his objections and counsel for the inter-

vener and the receiver having argued said objections, it is, upon consideration thereof

'ORDERED AND DECREED that the said receiver, Frank Drew, shall from any funds in his hands as receiver of said Railway Company, forthwith pay the amount of said taxes, that is to say, the sum of twelve thousand, nine hundred twenty-two and 35/100 dollars, to the said William V. Knott, as Comptroller of the State of Florida, and if the said receiver has no funds of the said Railway Company in his hands, out of which to pay said taxes, he is hereby directed and required forthwith sell to the highelst and best bidder for cash therefor, before the Courthouse door in the City of Jacksonville, Duval County, Florida, so much and such part of the property of said Railway Company held by him as receiver of said Railway Company as may be necessary and proper to realize an amount sufficient to pay said taxes. That said sale shall be made after the giving of notice of said sale by said receiver by publication for four consecutive weeks in a newspaper published in each county wherein the property to be sold is located, said notice giving the time and place and terms of said sale and describing the property or so much thereof to be sold as shall be sufficient to satisfy the said sum due for taxes, and said sale to be made between the hours of eleven and two o'clock on the first Monday in February, 1916. It is further ordered that immediately after the sale, the said receiver do report to this court in writing, his acts and doings under this order for confirmation and further instructions before transferring the title or the delivey of any property sold by him, and before paying over any money derived from said sale for taxes to the said Comptroller."

402     SUPREME COURT OF FLORIDA.

Fla. Con. & Real. Co. et al. v. Pournell et al.—Opinion of Court.

This order was affirmed by the Supreme Court. Drew v. Florida Construction & Realty Co., 72 Fla. 588, 72 South. Rep. 1025.

By permission of the court, actions were brought and judgments obtained in 1916 by Pournell and four others, appellees here, against the receiver for services rendered "to the receiver" of the defendant railroad company in the operation of its railroad as conductors, engineer and foreman respectively.

On October 2, 1916, the receiver reported a sale of the railroad property for $35,000.00. This sale was confirmed.

On December 2, 1916, Pournell and four others, appellees here, filed a petition in the cause asking that their judgments obtained for services rendered to the receiver of the Florida Railway Company as conductors, engineer and foreman, be paid from the balance of the funds received from "sale of the railroad after payment of taxes." On December 16, 1916, the Florida Railway Company moved for a discharge of the receiver. On the same day the receiver moved to strike the petition of the interveners, appellees here, and also answered the petition of the appellees averring "that the claims of said petitionrs, and each of them, are in part for services performed before the appointment of this respondent as receiver, as aforesaid, and in part for services performed subsequent to the appointment of this respondent as receiver as aforesaid," and "admits that he has refused to pay the said petitioners the amounts claimed by them for the reason that the judgments obtained by said petitioners do not constitute any preferred lien upon any of the property of said Florida Railway Company, but are simply money judgments, and, as such, inferior to

other judgments and liens amounting in the aggregate to upwards of two million dollars."

The interveners moved to strike the portion of the answer averring "that the claims of said petitioners, and each of them are in part for services performed before the appointment of this respondent as receiver, as aforesaid, and in part for services performed subsequent to the appointment of this respondent as receiver as aforesaid."

On December 30, 1916, the court decreed as follows:

"This cause coming on to be heard upon motion of respondent to strike the petition herein, and upon motion of the petitioners to strike a part of the answer of the respondent and for an order that the receiver pay the several judgments of petitioners mentioned in said petition; and upon the motion of Florida Railway Company for the discharge of the receiver,

"It is, therefore, ordered, adjudged and decreed that the motion to strike the petition be and is denied. It is further ordered that the motion of petitioners to strike a part of the answer of the respondent be and is granted. And it is further ordered that the respondent, Frank Drew, as receiver, do pay to the petitioners, and each of them, the amounts of the said judgments, the court finding that said judgments are entitled to a preference in payment, viz: To G. K. Lowery, $954.67; to W. L. Lowery, $503.79; to P. E. Pournell, $685.74; to J. J. Kicklighter, $119.00; to Wm. Kirby, $392.95, together with court costs, if any remain which is not included in said judgments.

"It is further ordered that the motion of Florida Railway Company for the dismissal of the receiver be denied, but without prejudice to renew said motion when-

ever the said receiver shall have complied with this order."

This appeal was taken from the decree of December 30, 1916.

Sections 1640 and 1641, General Statutes of Florida, 1906, Florida Compiled Laws, 1914, provides that:

"1640. Upon any judgment against any corporation, a plaintiff may sue out a *fieri facias* and the writ of *fieri facias* may be levied as well on the current money as on the goods and chattels, lands and tenements of said corporation."

"1641. If such writ can not be satisfied in whole or in part, for want of property of the defendant subject to levy and sale out of which to satisfy the same, upon petition of the judgment creditor, or of his agent or attorney, the Circuit Court sitting in chancery within whose circuit such corporation may have been doing business, or in which any of its effects are to be found, may by order sequestrate the property, things in action, goods and chattels, of such corporation for the purpose of enforcing such judgment, and may appoint a receiver for the same, and the receiver so appointed shall be subject to the rules presribed by law for receivers of the property of other judgment debtors. His power shall extend throughout the State."

The main contention here is that claims of the interveners for services rendered in operating the insolvent railroad should not have preference over the prior judgment creditors in the proceeds from the sale of the property after the payment of taxes.

It appears that the services rendered by the interveners were necessary to the business of the insolvent railway company and that such services were rendered during the receivedship, or perhaps a small part thereof

within a short time prior thereto, when the insolvent condition of the defendant company existed as shown in the proceedings taken by the judgment creditors, and that the receiver was asked for and appointed to operate the railroad for the protection and benefit of the prior judgment creditors and at their instance. Under these circumstances an equitable preference existed in favor of the interveners. See Miltenberger v. Logansport, C. & S. W. R. Co., 106 U. S. 286, 1 Sup. Ct. Rep. 140; Gregg v. Metropolitan Trust Co., 197 U. S. 183, 25 Sup. Ct. Rep. 415; United States & Mexican Trust Co. v. Beaty, 243 Fed. Rep. 544; United States & Mexican Trust Co. v. Beaty, 240 Fed. Rep. 592; Moore.v. Donahoo, 217 Fed. Rep. 177; 2 L. R. A. (N. S.) Note p. 1013; Scott v. Queen Anne's R. Co., 162 Fed. Rep. 828; Knickerbocker Trust Co. v. Green Bay Phosphate Co., 62 Fa. 519, 56 South. Rep. 699; Citizens Trust Co. v. National E. & S. Co. (Ind.), 98 N. E. 865, 41 L. R. A. (N. S.) 695

Affirmed

BROWNE, C. J., AND TAYLOR, ELLIS AND WEST, J. J., concur.